```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

TRANSPORTATION SERVICES OF ST.   )
JOHN, INC.,                      )
                                 )
            Plaintiff,           )
                                 )   Civil No. 2014-11
            v.                   )
                                 )
INTERNATIONAL MARINE SALES &     )
EXPORT, LLC,                     )
            Defendants.          )
                                 )
```

**ATTORNEYS:**

**Maria Tankenson Hodge, Esq.**
Hodge & Francois
St. Thomas, U.S.V.I.
   *For Transportation Services of St. John, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is a motion for attorney's fees filed by plaintiff Transportation Services of Saint John, Inc. ("Transportation Services").

## FACTUAL AND PROCEDURAL HISTORY

On February 3, 2014, Transportation Services brought this action for breach of contract against International Marine Sales & Export, LLC, ("International Marine"). International Marine never responded to the complaint and did not appear in this action. On May 12, 2014, Transportation Services moved for entry

of default against International, which the Clerk of the Court entered on May 19, 2014.

On February 3, 2015, a bench trial was held. After hearing evidence, the Court awarded $50,225 in damages. Judgment was entered on September 28, 2015. Transportation Services then filed the instant the motion for attorney's fees on October 1, 2015.

## DISCUSSION

Title 5, section 541 of the Virgin Islands Code ("section 541") provides that, after litigation in a civil action has concluded, certain costs may be awarded to the prevailing party. Costs which may be allowed include:

> (1) Fees of officers, witnesses, and jurors;
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) Compensation of a master as provided in rule 53 of the Federal Rules of Civil Procedure;
> (5) Necessary expenses of copying any public record, book, or document used as evidence in the trial . . . .

5 V.I.C. § 541(a). Section 541 also authorizes the award of attorneys' fees "to the prevailing party in the judgment" in an amount "the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(a)(6), (b). The touchstone for both

costs and attorney's fees is reasonableness: "In order for costs to be reimbursed, they must be reasonable," *Flagstar Bank, FSB v. Martinez*, No. CV 2014-0102, 2016 WL 1255715, at *7 (D.V.I. Mar. 29, 2016), and a prevailing party may only obtain "a fair and reasonable award of attorneys' fees," *Staples v. Ruyter Bay Land Partners, LLC*, No. CIV. 2005-11, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008).

## ANALYSIS

### I. Costs

Transportation Services seeks a total of $462.61 in costs. Transportation Services asserts that it incurred the following expenses:

```
1. Copying Charges (to process server)              $9.50
2. Process server (for summons and complaint)      $35.00
3. Filing Fees                                    $400.00
4. USPS Express Mail (to process server)           $93.45
```

"[T]he general federal caselaw rule [is] that there is no fee or cost shifting except as authorized by statute or rule." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)). Section 541 allows awards for copying only if the copied documents are to be used as evidence in a trial. 5 V.I.C. § 541(a)(5). The statute does not authorize cost shifting for general copying expenses. Accordingly, Transportation Services's

*Transportation Services of St. John, Inc. v. International Marine Sale & Export, LLC*
Civil No. 2014-11
Order
Page 4

claims for copying expenses are disallowed. Additionally, for costs associated with process service, § 541 only allows reimbursement for postage and publication expenses. 5 V.I.C. § 541(a)(3). Because Transportation Services has not specified that its process server expense was for publication or postage, the Court will not allow reimbursement for this expense. Finally, § 541 does not authorize an award of expenses for filing fees. Transportation Services's claim for filing fees is therefore disallowed.

## II.   **Attorney's Fees**

Transportation Services seeks a total of $9,981.25 in attorney's fees. In support of its motion for attorney's fees, Transportation Services submitted the invoices of their counsel, Hodge and Hodge, and an affirmation from Maria Tankenson Hodge, a partner with the law firm. In her affirmation, Hodge explains that she billed Transportation Services 12.25 hours at a rate of $325 per hour for a total of $3,981.25. Hayley Cotter billed Transportation Services 6.25 hours at $200 per hour for a total of $1,2050 and .19 hours at $250 per hour for a total of $4,750.

"To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty

of compensation." *See Lemper v. Singer*, 29 V.I. 169, 172–73 (D.V.I. 1993); *see also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 561 (1986); *see also Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorney's fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

The Court first notes that several of the entries on the attorneys' expense sheet feature a list of varied activities. For instance, Transportation Services seeks compensation for 4 hours of work billed as: "Conference with MH re assignment; review relevant emails, invoices, and demand letter; research corporate status of IMS&E; research re consequential damages; begin draft complaint." (ECF No. 23-2 at 1.) Transportation Services also seeks 1.5 hours of work billed as:

> Brief revisions to memorandum in support of motion for summary judgment and statement of undisputed facts to conform to paragraph numbering in revised affidavit; follow up with K Augustus and C Turnbull re signing affidavit; prepare exhibits to motion

> for summary judgment; redact applicable exhibits; prepare motion, memorandum, affidavit, statement of facts, exhibit, and proposed order for e-filing.

(*Id.* at 5.)

If the fee petition is not sufficiently specific, then the Court cannot "determine if the hours claimed are unreasonable for the work performed." *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). For this reason, the lumping of activities in this way is disfavored. *See Good Timez, Inc.*, 754 F. Supp. at 463 n.6. The Court will reduce the award of attorney's fees accordingly.

The Court also notes that the issues in this case were not novel. Indeed, the issues were "relatively commonplace." *See id.* ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case." (citing *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168 (3d Cir. 1973)). Consequently, the Court will reduce the fee award to reflect those facts. *See Home Depot, U.S.A. v. Bohlke Int'l Airways*, Civ. No. 1998-102, 2001 U.S. Dist. LEXIS 6935, at *1-2 (D.V.I. Apr. 30, 2001) ("The decision whether to award attorney's fees to a prevailing party is entirely within the Court's discretion." (internal citation omitted)).

Finally, Transportation Services also seeks reimbursement for conferences and communications between its own attorneys. Several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g., Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 99 (3d Cir. 2006) (noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.") This is not such a case. The Court finds some of the intra-office conferences between the attorneys representing Transportation Services to be excessive and will reduce the amount of reimbursement sought for such conferences. *See Morcher*, 32 F. Supp. 2d at 241 ("Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work."); *Staples*, 2008 U.S. Dist. LEXIS 9359 at *5.

The premises having been considered, it is hereby

**ORDERED** that International Marine Sales & Export, LLC, shall be liable to Transportation Services of St. John, Inc., for costs in the amount of $93.45; and it is further

*Transportation Services of St. John, Inc. v. International Marine Sale & Export, LLC*
Civil No. 2014-11
Order
Page 8

  **ORDERED** that International Marine Sales & Export, LLC, shall be liable to Transportation Services of St. John, Inc., for attorney's fees in the amount of $8,825.00.

                S\_____
                 **Curtis V. Gómez**
                 **District Judge**